# Moss *against* Sheldon.

Conveyance of land to the grantor's daughter E. M. and the heirs of her body, legally begotten or to be begotten, who shall survive said E. M., to be divided equally amongst them, or to such issue of such, the grandchildren of the grantor, who may survive their respective parents, to be apportioned and divided by stocks and not by heads; however, the issue of each stock to divide the parents' portion, share and share alike; *habendum* to the said E. M. during her natural life, and afterwards to her issue as above described and conditioned, to the only proper use of the said E. M. and her issue as aforesaid, their and each of their heirs and assigns, in the proportions and manner aforesaid for ever.   E. M. had two daughters, who died in her lifetime, leaving, each of them, *eight* children surviving E. M.   *Held,* that E. M. took an estate for life, and each of the children took one-sixteenth in fee simple.

The *habendum* in a deed may enlarge, qualify, expound, or vary the estate given by the premises.

EJECTMENT for a lot on the west side of Front street, in the district of Southwark, in which the following case was stated for the opinion of the court:

John Tittermary, being seised of an estate of fee simple in the premises, executed a conveyance to his daughter, Eleanor Mercer, bearing date April 11th 1806.

John Tittermary died, and Eleanor Mercer continued in possession of the premises to the time of her death.   Eleanor Mercer had two daughters, both of whom died in the lifetime of their mother.   One of her daughters, Eleanor Moss, left eight children, of whom the oldest is Joseph M. Moss, the plaintiff.   The other daughter, Maria Jones, left eight children, of whom the oldest is John S. Jones.   If the court shall be of opinion in favour of the plaintiff, judgment to be entered for such proportion of the premises as may appear from the above facts to belong to him.   If the court shall be of opinion that no title is vested in the plaintiff to any part or portion of the premises either in fee or in tail, then judgment to be entered for the defendant.

The following is the deed referred to:

"This Indenture made this 11th day of April 1806, by and between John Tittermary, of the township of Moyamensing, in the county of Philadelphia, rope-maker, of the one part, and Eleanor Mercer, (late Eleanor Tittermary, daughter of John Tittermary aforesaid), of the other part, witnesseth, that the said John Tittermary, for and in consideration of natural affection for his said daughter, as for the consideration of one dollar to him in hand paid, hath granted, bargained and sold, and by these presents, doth grant, bargain and sell to the said Eleanor Mercer, and to the heirs of her body, legally begotten or to be begotten, who shall survive said Eleanor, to be divided equally amongst them, or to such issue of such, the grandchildren of the grantor, who may survive their respective parents, to be apportioned and divided by stocks and not by heads; however, the issue of each stock to divide the parent's portion, share and share alike. All that lot or piece of ground situate, &c. (describing the premises), to have and to hold the said above described lot or piece of ground hereby granted, the hereditaments and premises, with all appurtenances thereunto, to the said Eleanor Mercer during her natural life, and afterwards to her issue as above described and conditioned, to the only proper use of the said Eleanor and her issue as aforesaid, their and each of their heirs and assigns, in the proportions and manner aforesaid for ever. And the said John Tittermary doth covenant and agree for himself and his heirs hereby, that he the said John Tittermary and his heirs the above described lot or piece of ground, hereditaments and premises hereby granted or mentioned to be granted with the appurtenances unto the said Eleanor Mercer, and her issue as before described, their and each of their heirs and assigns, in manner and proportion as aforesaid, against him the said John Tittermary and his heirs, and against every other person or persons lawfully claiming by, from, or under him, them, or any of them shall and will for ever defend by these presents. In witness whereof," &c.

*E. Ingersoll*, for the Moss family.

If Eleanor Mercer took an estate in tail, then the plaintiff is entitled to one-half; if she took but an estate for life, with remainder in fee, then the plaintiff is entitled to one-sixteenth. We contend for the latter. He cited 4 *Dall.* 347; 1 *Serg. & Rawle* 375; 2 *Yeates* 410; *Cro. Jac.* 476; 5 *Barn. & Cress.* 709; *Co. Litt.* 183, 186; 2 *Prest. Convey.* 439.

*Haly*, for the defendant, argued, that Eleanor Mercer took an estate tail, one-half of which descended to the defendant. 1 *Dall.* 47; 2 *Yeates* 400; 4 *Watts* 89.

The opinion of the Court was delivered by

SERGEANT, J.—The question in this case is as to the effect of

III. — 21　　　　　o*

the *habendum* in controlling and qualifying the estate granted in the premises. By the premises the estate given to Eleanor would be construed an estate tail vested in her, notwithstanding after the limitation to her and the heirs of her body legally begotten or to be begotten who shall survive her, it is declared that it is to be divided equally amongst them, or to such issue of such, (the grand-children of the grantor), who may survive their respective parents, to be apportioned and divided by stocks and not by heads—however, the issue of each stock to divide the parents' portion, share and share alike. For if this latter limitation could be considered as a remainder to the surviving children or their issue, to take by purchase, yet, as it is not a grant in fee, but only for life, it would defeat the main object of the grantor, which was to give an estate of inheritance; and on the decease of the last survivor, the estate would revert back to the grantor or his heirs. The effect of the *habendum*, however, is different. It expressly declares the estate of Eleanor to be but an estate for life, and passes the estate over to the issue in fee simple; thus abridging her former implied estate tail into an estate for life, but enlarging the estate of the issue into a fee simple.

It is said that an *habendum* in a deed may lessen, enlarge, explain or qualify, but not totally contradict, or be repugnant to the estate granted in the premises. 2 *Bl. Com.* 298. As if a grant be in the premises to A. and his heirs, *habendum* to him for life; the *habendum* would be utterly void. *Ibid.*; 2 *Rep.* 23; 8 *Rep.* 56. Yet even this position seems to be questioned, in modern times, (see 1 *Shep. Touch., by Preston*, 102): and it is decided that the words, heirs of the body, in the *habendum*, qualify the word, heirs, in the premises, so as to make it an estate tail. *Ibid.*; 4 *Cruise* 292. In *Pilsworth* v. *Pyet*, (*T. Jones* 4), there was a demise of a tenement to Pyet and his heirs, *habendum* to him and his heirs for three lives; and the *habendum* was held by the court to expound the premises, and that the lessee and his heirs should have the estate for the three lives. But it is not necessary to pursue further the abstract question of the power of the *habendum* to abridge the estate granted in the premises, because it is clear, by the current of all the authorities, that it may enlarge, expound, qualify and vary it: and in the case before us, it does all these. Although it lessens the estate of Eleanor Mercer from a tail to a life estate, yet it enlarges that of her issue from an estate tail to a fee simple; and they are objects of the grant in the premises, as well as Eleanor Mercer. This construction accords with the intent of the instrument, taken together and construed as a whole.

We therefore think the plaintiff is entitled to one-sixteenth of the property in fee simple.

Judgment for plaintiff for one-sixteenth.