## Gray *against* Foster and Mahon.

Where an imperfect memorandum of an agreement is prepared and submitted by one party for the signature of the other, who adds a material modification to it before he signs it; and the paper, thus altered, is taken and acted on by the former, such acts are *prima facie* evidence that he agreed to the modification; and he will be bound by it, unless there has been imposition by the party so making it, or ignorance by the other, of material facts connected with it, which he was not bound to know, and which were less accessible to him than to the party who altered the memorandum.

ERROR to the district court of *Allegheny* county.

A. W. Foster and John D. Mahon against James Gray.    Action on the case.

The opinion of the court contains a full statement of all the facts of the case.

*Findlay*, for plaintiff in error.
*Williamson*, for defendant in error.

The opinion of the court was delivered by

HUSTON, J.—To understand the matters in dispute in this case, some facts must be premised.    I shall give these, from the charge of the court, before whom the case was tried.

In August 1832, a judgment was obtained against James Gray by Longstreth and Cook for a sum of money payable in instalments.    M̃ Fetterman, the attorney of the judgment creditors, issued an execution, upon which personal property of the defendant, consisting of a quantity of hardware, was sold by the sheriff.

The execution was set aside by the supreme court, as irregular, in September 1832.

Gray instituted an action of trespass against Mr Fetterman and his client Marsh, (who had come into the right of Longstreth and Cook,) for taking his goods under this irregular process, and employed the plaintiffs, Messrs Foster and Mahon, as his attorneys, to prosecute that suit.    As a compensation for their professional services, Gray gave them the following stipulation.

James Gray *v.* W. W. Fetterman *et al.*    In the district court of Allegheny county.    " I agree that A. W. Foster and J. D. Mahon one-half of what may be recovered beyond the price at which the property sold at sheriff's sale, which is the trespass for which the above suit was brought.    2d February 1836.    [Thus far the agreement was in the handwriting of Mr Foster, but there was added in the handwriting of Mr Gray,] amount sold for being 3080 dollars, from the 2d of August to the 18th.          JAMES GRAY."

[Gray v. Foster and Mahon.]

The verdict rendered in the suit of Gray *v.* Fetterman *et al.,* was 3383 dollars 72 cents; for which Gray entered satisfaction May 26, 1836.

The defendant contends, that he is not liable on this contract for more than one-half of the difference between 3080, and 3383 dollars 72 cents, or 151 dollars 86 cents.

The plaintiffs insist that the true amount of the price at which the property sold at sheriff's sale, was only 2690 dollars, and that they are entitled to one-half of the difference between 2690 dollars and the amount recovered, 3383 dollars 72 cents, to wit, 346 dollars 86 cents. So far is from the charge of the judge.

The counsel of the defendant requested the court to instruct the jury, that the construction of this agreement given in evidence by the plaintiffs, entitled them to one-half the difference between the price of the goods, as fixed by said agreement at 3080 dollars, and the amount recovered in the action against Fetterman and others. And second, if the court should think the price at which the goods sold at sheriff's sale was not fixed by the agreement, as implied in the first point stated above, he requested the court to charge the jury, that if they believe there were two different accounts of the price at which the goods sold, it will be a question of fact for the jury to determine, which of these accounts the parties contemplated in their agreement.

The court stated in substance, that the construction of the written agreement was for the court, and, after that, there would be only one matter of fact to be decided by the jury.

It was then stated, that the part added to the agreement by James Gray, before he signed it, was only a suggestion of his, and formed no part of the agreement, which was complete without it, and was that the plaintiffs *shall have* (which words are omitted in the writing) one-half of what shall be recovered beyond the price at which the property sold at sheriff's sale.

" It is very certain," says the judge, " there could be but one true and correct account of the amount which the property sold for at sheriff's sale; and again, it matters not that there may have been other accounts kept of the sales; that which exhibited the true price at which the property sold at sheriff's sale, must be regarded as the one upon which the allowance of compensation was based."

To understand this, and to understand the case, we must state, that at the time of the sale a clerk of the defendant took down each article as sold, and the price at which it sold. This book was in the possession of Mr Foster immediately after the sale, and he examined it, and wrote the deposition of the clerk, on the 8th of September 1832; the amount by this account was 3083 dollars. The sheriff had returned his writ, making, as he swore, and as his deputy swore, about 2693 dollars.

As the cause is to go back, I shall give no opinion as to the weight of evidence to support the one or the other account. The writ re-

turned by the sheriff could not be found; the book or list of articles and prices kept by the sheriff's clerks could not be found; the amount stated by the sheriff and deputy was from recollection; one of them swore that articles were bid in for James Gray, by a person called Moreland, and that these were not put into the account; afterwards he admitted that Moreland paid for some articles he bought, and the sheriff's private docket and his list of sales were not the same.

The verdict of the jury in Gray *v.* Fetterman, seems to have been relied on as deciding the amount, and one person alleged it was for the amount of sales and interest. Now, independent of its not being any evidence in this case, I believe it will be found to be for a sum materially different from 2690 dollars, and interest from the sale until the trial.

The whole of an agreement must be taken into view in construing it, and if the latter part modifies what was before written, or explains it, or renders explicit what might not have been so until it was added, such latter part cannot be rejected by a court and jury, and this is as much so if this latter part is written by one of the parties, as if it had been inserted by the scrivener who wrote the first part. If it is inserted before the party wishing it will sign, if the other knew of it, and understood it, and agreed to it, accepted the paper so completed and executed, we know of no authority or principle on which it can be rejected. It is as essential a part of the agreement as any other. On the face of. the paper then the amount is agreed on from which the calculation is to be made.

This, like all other agreements, may be affected by proof of fraud, or mistake, and the inquiry will be, did both parties, Mr Foster and Mr Gray, know there was a difference in the amount of sales, as. kept by different persons, and this 3080 dollars being the amount of one account here inserted, to prevent future difficulty and render certain the basis of calculation? if so, it binds both parties; or was it unknown to one party that the accounts of amount of sales differed, and was there concealment of this fact, and a suggestion by Gray, and understanding by Foster, that only one account had been kept, and that the undisputed amount was 3080 dollars? if so, it may be rejected as to the amount.

In the district court, the construction put on the agreement was supposed to render an answer to the other points unnecessary, and the answers are all made to result on the answer to the first or first two.

To us it seems that the cause must depend on the law as here stated. To suppose that certain things will be proved, and to state in anticipation what will be the law, is not our duty. It may be perplexing, the proof may be and probably will be not exactly as we may have supposed, and then our opinion on a supposed case will be at best useless.

If the position assumed by the court were true, that any addition

[Gray v. Fuster and Mahon.]

made at the suggestion of either party, especially if written by that party, was to be rejected, it would unsettle principles and produce constant injustice; it would bind parties to part of an agreement, and render worse than useless clauses, without which the agreement never would have been executed. This is a very short and imperfect memorandum. The promise to give half to the plaintiffs below is omitted. The words which might have introduced the last clause are omitted. It is not alleged that this clause was unknown to the plaintiffs below; they took the paper and acted on it, and this is *prima facie* evidence that they agreed to it, and very nearly conclusive evidence that Gray would not sign the paper without this clause. If the other party did not agree to it, then was the time to object. The parties are bound unless, as is said above, there was imposition on the one side and ignorance of there being different accounts of amount of sales on the other side, and this too ignorance of a fact, which they were not bound to know, and the means of ascertaining which were not as accessible to them as to Gray.

Judgment reversed, and a *venire de novo* awarded.