## Williams v. Shaw.

*Deeds — Construction — Intention of the grantors — Fee simple — Trust estate—Habendum.*

1. The tendency of modern decisions, in the construction of deeds for real property, is to disregard technicalities and to treat all uncertainties in a conveyance as ambiguities, subject to be cleared up by resort to the intention of the parties as gathered from the instrument itself, the circumstances attending and leading up to its execution, and the subject-matter and the situation of the parties as of that time.

2. Upon a case stated, to determine what estate the plaintiff possessed in certain real property, it appeared that the property in question had been deeded to plaintiff by her father and mother. Except as to the *habendum*, her deed appeared to convey a fee simple title. The *habendum* read, in substance: "To have and to hold . . . unto the said party of the second part . . . her heirs and assigns forever; in trust, nevertheless, for the uses following, and none other . . . for the sole and separate use of Jacob Wilson and Josephine Wilson his wife, . . . for and during their natural life." The *cestuis que trust*, both of whom have since died, were the parents of the plaintiff. Josephine Wilson was an inebriate. Jacob Wilson told the draftsman it was his intention by this deed to convey the property to his daughter, subject to a trust for the benefit of his wife and himself during their lives: *Held*, the peculiar wording of the *habendum* was not sufficient to cut down the estate in fee simple which the deed purported, and which the grantors intended to convey; the plaintiff was owner in fee of the property described in the deed, and, as such, could convey a good and marketable title.

Case stated. C. P. Dauphin Co., June T., 1922, No. 10.

*Lynn M. Irvine*, for plaintiff; *John C. Nissley*, for defendant.

WICKERSHAM, J., July 8, 1922.—The plaintiff, Maria Williams, entered into an agreement to sell and convey to F. W. Shaw, the defendant, a lot or piece of ground, in the Borough of Middletown, for the price or sum of $150. The defendant paid $10 to bind the bargain, the balance of the purchase money to be paid within sixty or ninety days. A deed in fee simple for the conveyance of said tract of land was executed by the plaintiffs and tendered the defendant, who refused to receive the same and to complete the contract by paying

2 D. & C.

the balance of the purchase money, for the reason that he was advised and believes the plaintiffs cannot convey to him a good and marketable title.

An amicable action was commenced, to the number and term above stated, in order to test the title of the plaintiff. The parties have prepared and filed as a part of the record in these proceedings a case stated, wherein it appears that the plaintiff, Maria Williams, received title to the tract of land to be sold by deed from Jacob Wilson and Josephine Wilson, his wife, bearing date Oct. 24, 1910, and recorded in the recorder's office of Dauphin County. In the *habendum* of said deed there is the following clause:

"To have and to hold the said premises, with all and singular the appurtenances, unto the said party of the second part, her heirs and assigns, to and for the only proper use and behoof of said party of the second part, her heirs and assigns forever; in trust, nevertheless, for the uses following, and none other, that is to say, for the sole and separate use of Jacob Wilson and Josephine Wilson, his wife, of Middletown, Dauphin County, Pennsylvania, for and during their natural lives."

Jacob Wilson and Josephine Wilson, the said grantors, have since died, Josephine Wilson having died last.

The grantee in said quoted deed, Maria Williams, was the daughter of Josephine Wilson. She cared for Jacob and Josephine Wilson until Jacob Wilson died, after which she took her mother to her, Maria Williams', home and kept her until her decease.

It is the contention of Maria Williams that the property described in the said deed from Jacob and Josephine Wilson to herself, and which she now proposes to convey to F. W. Shaw, is in her in fee simple; that in the premises in said deed attached to the case stated, and marked "Exhibit A," the grantors granted, bargained and sold, etc., said tract of land to her, "her heirs and assigns;" that the purpose of the grantors was to convey to her the property in said deed described, in compensation for the services she rendered, and expected to render, to them, subject, however, to a life estate which the grantors retained in themselves; that the said Josephine Wilson was an inebriate and it was the desire of her husband, Jacob Wilson, to preserve the title to the said real estate in case of his death prior to that of his wife, Josephine, so that it might not be dissipated by her and so that at her death the fee might vest in the said Maria Williams; and that upon the death of the grantors, the life estate which they retained passed with them and the estate in fee remained in her, the said Maria Williams; that she, therefore, has an estate in fee, and is ready and able to comply with her agreement to sell and convey the same to the defendant, F. W. Shaw.

The defendant, F. W. Shaw, expresses his readiness and willingness to take the property and pay the balance of the purchase money, provided the court shall decide that Maria Williams has a good and marketable title to the property; and it is further agreed, if the court shall be of the opinion that the fee simple deed signed by Maria Williams and her husband, and duly acknowledged, will convey a marketable, fee simple title to the said defendant, F. W. Shaw, then judgment to be entered for the plaintiff; but if not, then judgment to be entered for the defendant, the costs to follow the judgment, and either party to have the right of appeal to the Superior Court of the State of Pennsylvania.

The question, then, to be determined is the meaning of the words in the *habendum* clause of the deed from Jacob Wilson and Josephine Wilson, his wife, to Maria Williams; what was the intention of the parties at the time said deed was executed, acknowledged and delivered?

It will be observed that Jacob Wilson and Josephine Wilson, by their aforesaid deed, conveyed the tract of land in question to Maria Williams, the daughter of Josephine Wilson, in fee, but in the *habendum* they provide that this conveyance is in trust "for the sole and separate use of Jacob Wilson and Josephine Wilson for and during their natural lives." No provision is made for any disposition of the property at their death; no duties are prescribed to be performed by the trustee. Can it be that the grantors intended to create a mere dry trust? Was it their intention that at their death the property should revert to the heirs of Jacob Wilson, in whom the title was at the time the conveyance was made? We think not. We must assume that the grantors had some definite purpose in the execution, acknowledgment and delivery of said deed to Maria Williams. The wording of the deed is ambiguous, and, therefore, we must gather the intention of the grantors from the surrounding circumstances at the time of its execution, as set forth in the case stated.

The tendency of modern decisions is to disregard technicalities and to treat all uncertainties in a conveyance as ambiguities, subject to be cleared up by resort to the intention of the parties as gathered from the instrument itself, the circumstances attending and leading up to its execution, and the subject-matter and the situations of the parties as of that time: 8 Ruling Case Law, 1041. Where an instrument in writing is ambiguous, the intention of the parties to it is to be ascertained from the entire instrument, not from particular words or phrases without reference to the context; the instrument must operate according to the intention of the parties, unless it be contrary to law. Where the meaning is doubtful, the circumstances at the making of the instrument and the subsequent acts of the parties are to be considered in determining the sense of the words: Berridge et ux. *v.* Glassey, 112 Pa. 442. The construction of a deed in which there is no ambiguity is for the court and not for the jury; but the court, in construing such a deed, must look into the circumstances under which it was made as evidencing the intention of the parties: Cox *v.* Freedley, 33 Pa. 124. One of the most important rules in the construction of deeds is so to construe them that no part shall be rejected. The object of all construction is to ascertain the intent of the parties, and it must have been their intent to have some meaning in every part. It never could be a man's intent to contradict himself; therefore, we should lean to such a construction as reconciles the different parts, and reject a construction which leads to a contradiction. The premises of a deed are often expressed in general terms, admitting of various explanations in the *habendum*, and in conformity with the rules which we have mentioned the courts have always given efficacy to such explanation. "The *habendum*," says Blackstone, "may lessen, enlarge, explain or qualify the premises, but not totally contradict them:" Wager *v.* Wager, 1 S. & R. 374. A present vested interest may be conveyed by deed to be enjoyed *in futuro*, the grantor retaining the intermediate estate. Thus, a deed of land with a reservation to the grantor of the use thereof during his natural life will give the grantor a life estate in the premises with a vested remainder in fee to the grantee: 18 Corpus Juris, § 338; and a trust is not contradictory to the estate; it only establishes a new and consistent relation, but does not cut down the fee simple granted. A conveyance in trust will carry a fee without words of limitation, when the intent is manifest: Ivory *v.* Burns, 56 Pa. 300.

It was the intent of Jacob Wilson, in whom the title to this property was vested at the time said deed was executed, to preserve the same, as we have stated, so that it might not be squandered by his wife, who was an inebriate,

and in order that, after their death, the title might vest in Maria Williams; this intent he explained to C. C. Hartline, of Middletown. Evidently having this in mind, the justice of the peace inserted in the deed of conveyance the trust clause found in the *habendum*. We think what the grantors had in mind was to convey the described tract of land to Maria Williams, reserving to themselves a life estate therein. It will be noted they say that the estate is to be held in trust for the uses following, and for none other, which clearly means that it was to be held for no other use except for the sole and separate use of Jacob Wilson and Josephine Wilson during their natural lives. They made no provision for any disposition of the property at their death, for the very apparent reason that they had already disposed of it in the premises of the deed by conveying it to their daughter in fee simple; to have reduced the estate in fee thus granted to a mere dry, naked trust, as appears by the wording of the deed, could not have been their intention.

Having in consideration the authorities which govern this case, the family relationship that existed between the grantors and the grantee, and their intention, gathered from all the circumstances, we find that the intention of the grantors, Jacob Wilson and Josephine Wilson, his wife, was to convey to Maria Williams the land described in the deed in fee, subject to the life estate which they retained for themselves in the *habendum*; and they being now deceased, and the life estate having terminated, the fee simple remains in Maria Williams, and in compliance with the agreement filed with the case stated, we direct that judgment be entered in favor of the plaintiff and against the defendant, the costs to follow the judgment. Exception to the defendant.

From William Jenkins Wilcox, Harrisburg, Pa.