## Bedford Lodge I. O. of O. F., No. 202, Appellant, v. Joseph Lentz, Hiram Lentz, Watson Lentz, William Lentz and Emma Dull, heirs of Mary Lentz, Deceased.

*Deed—Life estate—Habendum.*

Where a deed conveys land to a husband and wife, but the habendum states that the land is to be held by the grantees, their heirs and assigns, to and for the only proper use and behoof of the husband during the term of his natural life, with the remainder to his wife, her heirs and assigns forever, the husband takes only a life estate in the land.

Argued May 9, 1899. Appeal, No. 325, Jan. T., 1898, by plaintiff, from judgment of C. P. Bedford Co., Feb. T., 1898, No. 266, on case tried by the court without a jury. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for a lot of ground in Bedford.

The case was tried by BAILEY, P. J., of the 20th judicial district, specially presiding, without a jury.

The parties agreed upon the following facts:

1. The common source of title of the parties, plaintiff and defendants, is a deed from James Moore to Hiram Lentz and Mary Lentz, his wife, of the borough and county of Bedford, state of Pennsylvania, dated September    , 1843.

2. The said Hiram Lentz and Mary Lentz were husband and wife, and they lived together on said property until the death of Mary Lentz.

3. The said Mary Lentz died on March 3, 1873, and Hiram Lentz, the husband, survived her, and died on June 1, 1895.

4. The said Hiram Lentz became indebted to the Bedford Building and Loan Association on June 20, 1875, and on that day judgment was entered against him by the same for the sum

of $600, which judgment was regularly revived against him in his lifetime, and against his administrators after his death.

5. By virtue of an execution on said judgment issued, the sheriff levied upon the property described in said deed and sold the same on February 1, 1896, to Alexander King, who conveyed the same by deed dated July 30, 1896, to the plaintiff above stated.

6. The plaintiff had notice at the time of sale by the sheriff to the said Alexander King that the defendants claim to own the land in dispute; that the defendants are the children of the said Hiram Lentz and Mary Lentz, and that James Moore was the father of the said Mary Lentz.

The court held that Hiram Lentz's death terminated his interest in the land, and entered judgment for defendants. Plaintiff appealed.

*Errors assigned* were (1) in holding that whatever interest Hiram Lentz held in the land was determined by his death; (2) in directing judgment to be entered in favor of defendant.

*Alexander King*, for appellant.—If an estate in fee be given to a man and his wife they are neither joint tenants nor tenants in common, for husband and wife being considered as one person in law they cannot take the estate by moieties, but both are seized of the entirety, per tout, et non per my : 2 Blackstone's Comm. 182; Stuckey v. Keefe, 26 Pa. 399; Lodge v. Hamilton, 2 S. & R. 491; Young's App., 166 Pa. 645.

Nor does the act of 1812, abolishing joint tenancies, apply to an estate conveyed to husband and wife: Robb v. Beaver, 8 W. & S. 107; Diver v. Diver, 56 Pa. 109; Stuckey v. Keefe, 26 Pa. 399.

That an estate could not under common-law rule be conveyed to husband and wife as grantees, to hold in any manner except as tenants by entireties, is sustained by numerous authorities : Johnson v. Hart, 6 W. & S. 319.

If it was the intention of the grantor to convey a life estate only to Hiram Lentz, he adopted language and form which the law construes to mean otherwise, and where the presumed intention is contrary to law, it must give way : Berridge v. Glassey, 112 Pa. 455.

While the habendum may lessen, enlarge, explain or qualify the estate granted by the premises, it never has been held to change the parties or to introduce new ones : Auman v. Auman, 21 Pa. 343; Tyler v. Moore, 42 Pa. 374.

*Alvin L. Little*, for appellees.—It comes to us from the common law of England that in the construction of deeds the intention of the parties is what the law applies itself to and governs; and in order to determine what the intentions of the parties to a deed may be the entire deed must be taken and not a part only : 2 Blackstones's Comm. 379; Mitchell on Real Estate & Conveyancing in Penna. 475; Wager v. Wager, 1 S. & R. 374; Wharton v. Fisher, 2 S. & R. 182; Berridge v. Glassey, 112 Pa. 442.

Even technical words may be so qualified by the context as to make them conform to the intention of the parties in the executed conveyance : Mergenthaler's App., 15 W. N. C. 441; Huss v. Stephens, 51 Pa. 282; Criswell v. Grumbling, 107 Pa. 408.

The habendum of a deed may lessen, enlarge, explain or qualify the estate granted in the premises : 2 Blackstone's Comm. 298; Moss v. Sheldon, 3 W. & S. 160; Tyler v. Moore, 42 Pa. 374; Whitby v. Duffy, 135 Pa. 620; Hauft v. Wolverton, 2 Lanc. Law Rev. 194.

There is no law to prevent a husband and wife from holding different estates in the same property : Bramberry's App., 156 Pa. 628.

OPINION BY MR. JUSTICE DEAN, January 29, 1900:

This case has not been free from difficulty on the authorities; but careful research and deliberate consideration have resulted in the conclusion that the judgment should be affirmed.

James Moore, the father of Mary Lentz, wife of Hiram Lentz, on September 10, 1843, executed a deed to the husband and wife for parts of lots Nos. 148 and 149 in the borough of Bedford. The premises of the deed, beyond question, convey to the husband and wife a fee simple in the lots. And standing alone, it would be held that the husband and wife took the land by entireties. If this were so, the husband having survived the wife, the entire estate survived to him, and this plaintiff, the purchaser at sheriff's

sale on a judgment against him, is entitled to possession. But the words conveying a fee simple do not stand alone; they are followed by these in the habendum of the deed:

" To have and to hold the said parts of lots aforesaid, hereditaments and premises hereby granted or mentioned or intended so to be, with the appurtenances, unto the said Hiram Lentz and Mary Lentz, his wife, their heirs and assigns, to and for the only proper use and behoof of the said Hiram Lentz during the term of his natural life, with the remainder to the said Mary Lentz, his wife, her heirs and assigns forever."

This language, it is contended by appellees, limited the husband's estate to one for life, which cannot be enlarged to a greater one by any technical construction of the preceding grant. We concede that however probable was the intention of the grantor from facts dehors the deed not to subject his daughter's children to exclusion from the possession in case she died before her husband, nevertheless, the intention must be gathered from the words in the deed, and not from circumstances outside it. What is the manifest intent from the deed itself? The cardinal rule of interpretation of a deed is the intent of the parties, except in the application of the rule in Shelly's case, which, in almost every instance, defeats a particular intent. The grantor here did not intend to make a tenancy for life a source of inheritable succussion, consequently there is no technical rule of construction which comes in to defeat a particular intent. The habendum expressly limits the estate of the husband to one for life, with the remainder to the wife, her heirs and assigns. True, the premises described an estate by entireties, and during their joint lives the grantees practically so held; neither could have ousted the other; neither could have had estrepement for waste, partition or account render against the other. But, evidently, the grantor intended the estate of the husband should end with his life, for he so says. We do not concur in the argument of the learned counsel for appellant, that the habendum is so totally repugnant to the premises, that it must give way, leaving, in consequence of his survivorship, the whole estate to the husband. We concede there is some conflict in the authorities, especially in the English cases. This conflict is noticed in Moss v. Sheldon, 3 W. & S. 160. SARGEANT, J., there says: "The question in this case is as to the effect of the habendum in controlling and qualifying the estate

granted in the premises." Then, after citing some of the con-
flicting cases, he says: " But it is not necessary to pursue fur-
ther the abstract question of the power of the habendum to
abridge the estate granted in the premises, because it is clear by
the current of all the authorities, that it may enlarge, expound,
qualify and vary it." To the same effect are Porter v. May-
field, 21 Pa. 264, and Tyler v. Moore, 42 Pa. 374. In Ivory v.
Burns, 56 Pa. 300, the words qualifying the estate granted by
the premises were inserted just before the names of the subscribing
witnesses ; this Court held that they were not repugnant to the
grant, but created a trust consistent with it. It is not necessary
to decide what would have been the construction of this deed if
the grantor had undertaken by the habendum to create a life es-
tate, and had made no provision as to the remainder ; it is suffi-
cient to say he attempted no such grant. All the cases cited by
appellant are on the assumption that the estate granted is a com-
mon-law estate by entireties ; no note is taken of the effect of the
habendum in qualifying the estate of the husband. This, on
the authorities quoted, he could do and did do.

The judgment is affirmed.