## Newhard *v.* Newhard, Appellant.

Argued February 2, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

300

*Harvey H. Steckel,* with him *Robert E. Haas,* for appellant.—Plaintiff did not supply nor furnish any part of the purchase price of the properties.

Defendant did not make a gift of an undivided one-half interest in the Fifth Street property to his wife.

Presumptions are applied only in the absence of facts.

*A. G. Dewalt,* of *Dewalt & Heydt,* for appellee, cited: Gasner v. Pierce, 286 Pa. 529; O'Malley v. O'Malley, 272 Pa. 528.

OPINION BY MR. JUSTICE WALLING, April 13, 1931:

This controversy is over the distribution of the proceeds of the sheriff's sale of a house and lot at Emaus, Lehigh County. In March, 1921, the property here in question, located on Broad Street, was conveyed to Fred G. Newhard and Christie Newhard, his wife, as an estate by entireties. Of the consideration of $5,400 therefor, $4,000 was paid by a house and lot located on Fifth Street, which Mr. and Mrs. Newhard also owned as an estate by entireties, it having been so conveyed to them the previous December. Mr. Newhard paid for the Fifth Street property and also the $1,400 difference in the exchange of properties. The Newhards were divorced in 1923 and later the court made an order upon him to pay her for the support of their minor children. He having neglected to comply therewith, she obtained judgment thereon and proceeded to a sheriff's sale of the property as provided by the Act of May 24, 1923, P. L. 446. Mrs. Newhard became the purchaser at the

price of $12,000 and the sole question here is the proper distribution of the balance thereof, after deducting costs and charges. Section 5 of the act provides, inter alia, "Upon the sale of said real estate for the collection of any money due her [the wife] under any order or decree of any court, she shall be entitled to receive therefrom such sum of money as represents her share of such property, based on the proportionate part of the original purchase money furnished by her." There are later statutes referring to the same subject, but admittedly this case is controlled by the Act of 1923. When Newhard took title to the Fifth Street property in the name of himself and wife, it operated as a gift of one-half interest therein to the wife and created in both an estate by entireties. Thereafter neither could sell or dispose of the property without the consent of the other, nor could it be so encumbered by one that a sheriff's sale thereof would disturb the possession or right of survivorship of the other. See Meyer's Est. (No. 1), 232 Pa. 89. The gift from the husband, no rights of third parties being involved, vested in the wife the same interest in the property as if she had paid one-half of the purchase money. It follows that when $4,000 of the consideration of the Broad Street property was paid by the Fifth Street property, the wife's contribution thereto was one-half thereof, or $2,000, and the balance, being $3,400, was contributed by Mr. Newhard.

It is not important that the statute speaks of her original contribution to the purchase money, for the Fifth Street property, valued at $4,000, must be so considered in the exchange of properties. The word "money" is a general term and may and often does include property other than currency. To limit the word "money" to the latter would deprive the wife of any interest in the Broad Street property even had she been sole owner of the Fifth Street property. Again the statute refers to the interest in the property sold by the sheriff and not to some other property. Mrs. Newhard, owning twenty

302

fifty-fourths of the property sold, is entitled to that proportion of the net proceeds of the sale and the trial court properly so held. But for the Act of 1923, the parties here having been divorced, each would be entitled to a one-half interest in the Broad Street property. See O'Malley v. O'Malley, 272 Pa. 528; also Act of May 10, 1927, P. L. 884.

The decree is affirmed at the costs of appellant.