First National Bank of East Conemaugh, to use, Appellant, *v.* Davies et al.

Argued March 28, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*J. C. Davies,* for appellant.

*Philip N. Shettig,* with him *Percy Allen Rose* and *Arthur A. Nelson,* for appellees.

OPINION BY MR. JUSTICE LINN, April 30, 1934:

This is a suit for the balance claimed on a written agreement, dated July 6, 1922, whereby the defendants, who are all but two of the directors of the Navy Smokeless Coal Company, a corporation, became sureties* for

---

\* Act of July 24, 1913, P. L. 971.

the payment of obligations issued or assumed by the corporation and at that time held by the plaintiff bank. In the agreement, the subscribing directors, defendants, "jointly and severally agree that they, the parties of the first part, and each and every of them will, when and as requested so to do, make payment of and discharge and satisfy the following notes and trade acceptances and the renewals of all or part thereof, viz:

| Name | Amount | Endorser |
| --- | --- | --- |
| W. C. Krug | $5,000.00 | Navy Smoke. Coal Co. |
| Navy Smoke. Coal Co. | 2,500.00 | F. B. Custer |
| Navy Smoke. Coal Co. | 1,877.85 | John H. Cooney |
| H. J. Bennett | 5,000.00 | H. F. Dorr |
| H. F. Dorr | 5,000.00 | H. J. Bennett |
| W. C. Shiffer | 5,000.00 | H. J. VanDusen |
| H. J. VanDusen | 5,000.00 | W. C. Shiffer |

$5,000.00 Temporary Certificates

*Trade Acceptances*

| | |
| --- | --- |
| Navy Smokeless Coal Co. to Cambria Car & Foundry Co. | $5,355.30 |
| Navy Smokeless Coal Co. to Cambria Car & Foundry Co. | 3,855.30 |
| Navy Smokeless Coal Co. to Cambria Car & Foundry Co. | 3,855.30" |

The amounts specifically alleged to remain due and unpaid (with interest) are $5,000.00 temporary certificates, the corporation's note for $1,877.85, and a balance of $465.90, due on the trade acceptances mentioned, and put into the form of a note of the corporation, dated July 16, 1923.

The defendants joined in an amended affidavit of defense. They admit the execution of the contract, demand for payment and refusal to pay. The principal element of defense was that they were not to be liable, unless and until all of the directors of their corporation executed the agreement, and that two of them had not done so. At the trial, the evidence on the subject was submitted to the jury, whose verdict for the plaintiff de-

termined that fact in accord with its contention. But the trial judge instructed the jury that there could be no recovery on the $5,000.00 of certificates and on the note for $465.90, submitting to them only defendants' liability on the $1,877.85 note. Plaintiff then moved for judgment n. o. v. The motion was refused and plaintiff appealed. The learned court below misinterpreted the contract in suit.

In July, 1922, a national bank examiner reported the First National Bank of East Conemaugh, plaintiff, in unsatisfactory condition and particularly required that the line of credit extended to Navy Smokeless Coal Company be materially strengthened. To remedy the condition, a meeting was held in which the defendants, directors of Navy Smokeless Coal Company, three of them also trustees for incorporators of the company,* participated. The result of the negotiations was the agreement in suit. The circumstances in which it came into existence and the fact that it was prepared by counsel for the defendants are undisputed. It dealt with two classes of obligations: "the following notes and trade acceptances and the renewals of all or part thereof."

The court below held, and the defendants here contend, that the $5,000 certificates are neither notes nor trade acceptances and that, therefore, plaintiff cannot recover for them, notwithstanding that, in the contract drawn by their own counsel, they included the certificates as an obligation of their corporation, the amount of which they agreed to pay on demand.

The certificates were not notes in the ordinary sense, but if, in their agreement, defendants chose to include

---

* As such trustees, these defendants had issued the $5,000 temporary certificates. Each certificate recited that the First National Bank of East Conemaugh had paid $1,000, and was a subscriber to one $1,000 first mortgage bond of the Navy Smokeless Coal Company, and would be entitled to exchange the certificate for a permanent bond when issued. For some reason not appearing, the permanent bonds were never issued.

them in the class of notes for the purpose of identifying the obligations to be assumed, they were at liberty to do so, and are bound by their classification. Not only must their own words be construed strictly against them (West v. MacMillan, 301 Pa. 344, 349, 152 A. 105), but it is a general principle that every part of a contract will be given effect, when that is possible: Knicker-bocker Trust Co. v. Ryan, 227 Pa. 245, 75 A. 1073; Thompson v. Craft, 238 Pa. 125, 85 A. 1107. So, too, general terms yield to special terms: Keiser v. Reading Suburban Real Estate Co., 43 Pa. Superior Ct. 130; Texas and Pacific Ry. C. v. Dashiell, 198 U. S. 521. The specifically enumerated items guaranteed must, therefore, control the general statement in the preamble. It is not alleged or even suggested that there was any fraud, accident or mistake in designating the trust certificates. Moreover, in considering the surrounding circumstances (cf. Hild v. Dunn, 310 Pa. 289, 165 A. 228; McMillin v. Titus, 222 Pa. 500, 72 A. 240), it is to be observed that the certificates were treated by the bank, the bank examiner, and defendants, as part of the coal company's line of credit. Interest was paid on them as if they were notes, the bonds never having been issued. Though not notes in any strict sense, at common law similar certificates were held negotiable: Goodwin v. Robarts, L. R. 10 Ex. 76; Rumball v. Metropolitan Bank, 46 L. J. Q. B. (N. S.) 346. In the circumstances, therefore, "notes" was, perhaps, not a wholly inappropriate generic term for these obligations in the line of credit. Defendant Davies, who was a director, and also one of the trustees, who signed the certificates, testified that he thought he had been asked to sign the contract in suit because he was one of the trustees. As there is no dispute concerning the identity of the certificates, it is not important to consider whether the coal company received the money represented by them. They recite that the plaintiff paid face value for them; by the agreement in

suit, defendants agreed to pay their face value on demand.

The record shows that the note for $465.90 represented a balance due on the obligations mentioned in the contract. Defendants, in their brief, contend that, by surrendering the trade acceptances and accepting the note of the corporation for the balance due without their consent, the bank released the sureties. If defendants had been gratuitous sureties (American Trust Co. v. Louderback, 220 Pa. 197, 69 A. 673), the contention would merit consideration, but they, as directors of the coal company and otherwise interested in the transaction leading up to the suretyship contract, are in a different class. As was said in Cancelmo's Estate, 308 Pa. 178, 162 A. 454, in such circumstances the rule strictissimi juris does not apply. Their agreement provided "......upon the payment of all or any of the notes, trade acceptances or renewals of all or any part thereof, that no recourse shall be had by the parties of the first part [defendants] against any maker or endorser of any of the notes or trade acceptances above mentioned excepting notes made by the Navy Smokeless Coal Company and note given by W. C. Krug for payment of capital stock subscription." The contract contemplated renewals and defendants waived recourse. As they were directors of the Navy Smokeless Coal Company, maker of the renewal note, they will not be heard to say that their liability was altered without their consent.

Plaintiff's motion for judgment should have been granted. We sustain the first and sixth assignments of error, and, on the theory on which the appeal was presented, remit the record with instructions to enter judgment for the plaintiff for the full amount of the claim with interest.