## Brooks et al., Appellants, v. Coyle et al.

Argued April 22, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*E. S. Richardson,* of *Middleton, Blakeley & Richardson,* for appellants.

*Warwick Potter Scott,* of *Ballard, Spahr, Andrews & Ingersoll,* for appellees.

OPINION BY MR. JUSTICE KEPHART, May 27, 1935:

In 1914 Fischer, an independent insurance broker and sole owner of his business, associated himself with an insurance broker, Robert M. Coyle & Co., for their mutual benefit. He had the personal confidence of a list of clients. Under the agreement Coyle was to take care of the business; in case of permanent disability or on his death it was to be taken care of for his widow.

The only part of the arrangement which it is necessary to consider is "either party being permitted to withdraw from this agreement on thirty days' notice to the other." Fischer died in 1915 and his business vested in his widow. Shortly afterwards Coyle renewed the then existing agreement of 1914, stating, however, their interpretation of it as follows:

". . . that should Mrs. Fischer at any time desire to transfer this business, . . . after the thirty days' notice, we will agree to hand over to her the original lists, together with the lists which we may then have in our possession, and we further agree not to solicit any of her customers after she may have left this office. We, however, reserve the right to keep such of her customers as refuse to leave us. In other words, we would not drive them out."

Another modification of the agreement took place April 1, 1915. By it Mrs. Fischer waived her right to cancel on thirty days' notice, stipulating as a new condition that in the case of her death, the profits should be paid to her daughter until her daughter's death or marriage, and upon the happening of either event the business would belong to Coyle. Later the widow remarried and the daughter married. Coyle was under the impression that

the agreement had terminated. The widow and daughter objected to this conclusion and Coyle then elected to cancel the agreement under the thirty-day clause. Contending that this action violated the agreement, Mrs. Fischer, now Brooks, and her daughter filed in 1928 a petition for declaratory judgment, which was dismissed in 1933 because no judicial question was involved.

Several months later the present bill was filed by the plaintiffs praying for specific performance of the contract, an accounting, discovery and injunction, to which bill Coyle filed an answer. Plaintiffs ordered the case for final hearing and disposition on bill and answer. The court below held that Coyle had a right to terminate the contract, that the notice given was proper, and as the amount due under the contract had been tendered to Mrs. Fischer, the bill was dismissed. Mrs. Fischer and her daughter appeal.

Appellants vigorously contend that Coyle did not own the Fischer business and could acquire it only on Mrs. Fischer's death. The agreement, as made out from various letters, shows that the business of Fischer was handed over to Coyle for the purpose of administration and management. Fischer's business consisted of a list of clients who periodically took out or renewed insurance. Coyle does not claim ownership, and in whatever light it may be regarded, the conduct of the parties clearly shows that such claim was not necessary to sustain appellees' position. The court below planted their rights on the termination provision in the paragraph we have noted.

When appellants ordered the case for hearing on bill and answer, they accepted as true every averment of fact contained in the answer, and the facts averred in the bill but properly denied by the answer must be taken as not existing. Therefore, we cannot hold that appellees' acts show overreaching, imposition or unfair dealing; the allegations that might have led to such a conclusion contained in the bill are denied in the answer.

The question resolves itself into one of interpretation of the agreement, and we conclude defendants had the right to terminate the arrangement. There is nothing in the first or second modification of the agreement which took away appellees' right to cancel in thirty days, although the widow surrendered her right to do so. The obvious consideration for this surrender on her part was the undertaking by Coyle to continue to pay the benefits arising under the agreement to the daughter, should the widow die before the daughter married. The only question before us is whether the steps taken to cancel and the notice to Fischer's clients showed unfair dealing with Mrs. Fischer and her daughter.

There is nothing in the original agreement as to the disposition of the business if the arrangement between the parties was cancelled on thirty days' notice. Fischer was required to give to Coyle & Co. a list of all the policies controlled by it, and Coyle would then notify Fischer's customers that acting for his interest they would take care of the renewals of their policies and any new business they sent in. The details of the arrangement were specified, and the plain intent of that letter was that as Coyle was taking care of Fischer's business, if there was a cancellation, so that the "taking care of" terminated, the thing "taken care of" should be given back to the one who gave it.

The modification of January 9th, containing the understanding of the agreement, confirms what has just been stated, and more clearly outlines the rights of the parties. Mrs. Fischer could transfer the business to anyone on thirty days' notice, and Coyle & Co. agreed, first, to hand over to her the original list, together with the lists they might then have in their possession. This undoubtedly refers to any business that might have come through those customers, but not to any business which was the property of Coyle. Second, Coyle agrees "not to solicit any of her customers after she may have left this office."

Third, "We, however, reserve the right to keep such of her customers as refuse to leave us."

The second modification of April 1st relates to the thirty-day cancellation by Mrs. Fischer and the payment of profits to her daughter. There is no modification of the condition on which appellees might step out of the arrangement.

When the difficulty between Mrs. Fischer (now Brooks) and Coyle arose, Coyle had a right to insist on the terms of the agreement. It is highly probable that after paying money to Mrs. Fischer for some thirteen years that Coyle wanted to get out of the agreement. However this may be, they had that right if they wanted to assert it, but they could not violate any of the terms of the separation arrangement. While appellants contend they did this very thing, unfortunately those facts relied on to sustain their contention are denied in the answer, and we must accept that denial as being correct.

On June 14, 1927, and July 27, 1927, notice was given to appellants that Coyle & Co. would withdraw from the arrangement within thirty days. There was a tender of the lists of appellants' clients that they were entitled to receive, and this tender was refused. Notice was given to the customers that was neither false nor misleading. While it stated defendants took over the business of Fischer in 1914, the clear intent of the notice did not indicate ownership of the business, but clearly placed before the clients the idea of continuing their business with appellants or, if they did not want to do this, of notifying them whom they wished to take care of their insurance. The clients were entitled to notice as it might have been prejudicial to the renewal of their insurance if notice were not given; they might have found themselves without insurance. The customer was given an opportunity to go where he pleased. We find nothing in the pleadings that indicated that appellee in any way tried to prevent the return of the business to appellants. Appellants state in their bill that notice was given to them not to

approach any of the customers in question, but such notice is specifically denied in the answer. Nor do we find any misuse of confidential information given while taking care of Fischer's business. Appellants' difficulty comes from the fact that while they set forth what might be termed a cause of action, barring, of course, the statute of limitations, the denials of Coyle and the placing of the case for hearing on bill and answer, materially narrow the issue.

Decree affirmed at appellants' cost.