## Finkenbinder v. Eberly

*Guy H. Davies* and *Ray T. Harrigan,* for plaintiff.
*E. M. Biddle, Jr.,* for defendant.

REESE, P. J., April 30, 1937.—This is a rule to strike off an appeal from a justice of the peace. Judgment in favor

of plaintiff was entered before a justice of the peace on January 23, 1937. On February 4, 1937, defendant perfected his appeal. The transcript issued by the justice was filed in the prothonotary's office on February 20, 1937. The present rule followed.

The Act of March 20, 1810, P. L. 208, sec. 4, 42 PS §923, provides that the party appealing shall enter bail to appeal within 20 days after the entry of judgment, and "shall file the transcript of the record of the justice, in the prothonotary's office, on or before the first day of the next term of the court of common pleas of the proper county, after entering such bail as aforesaid".

Rule 261 of this court provides, inter alia:

"There shall be four terms of common pleas in each year, as follows: February term, one week, commencing on the second Monday of February of each year; May term, one week, commencing on the third Monday of May of each year; September term, one week, commencing on the fourth Monday of September of each year; December term, one week, commencing on the second Monday of December of each year."

The second Monday of February was, in 1937, on February 8th. The appeal in the present case was taken and perfected on February 2, 1937, and under the provisions of the Act of 1810, supra, it is contended by plaintiff that the transcript should have been filed in the prothonotary's office on or before the first day of the next or February term, which was February 8, 1937.

We had exactly the same question before us in Bushey v. Feeser, no. 324, May term, 1932. In that case we adopted the contention now urged upon us by the present plaintiff and struck off the appeal. But we must admit that in the previous case there was not called to our attention the weighty reasons advanced by the present defendant against the literal construction of our Rule 261 necessarily involved in plaintiff's contention.

Defendant's contention is that the portion of rule 261 quoted, supra, does nothing more than to fix the periods during the year when the trials of civil causes in common pleas shall be held; that under our rules, including rule 261, together with the legislation authorizing them, the first day of each term of common pleas is actually one week prior to the day mentioned in the quoted portion of rule 261; that hence the first day of the February term, 1937, was February 1, 1937, and therefore the appeal herein perfected on February 4, 1937, could properly be and was filed on or before the first day of the next, or May 1937, term of court.

By section 30 of the Act of June 13, 1836, P. L. 568, 12 PS §352, it was provided:

"Every writ used for the commencement of an action, shall bear date on the day of the issuing thereof, and shall be made returnable on the first day of the term next succeeding the time at which it shall be issued."

Under this act it was clear that the term return day and the first day of the term were coincident.

Section 32 of the same act provided:

"In the courts for the city and county of Philadelphia, and county of Allegheny, all writs used for the commencement of actions may be made returnable on the first day of the next term as aforesaid, or on the first Monday of any intermediate month, at the election of the party suing out the writ."

The provisions of this section were extended to Cumberland County by the special Act of February 26, 1872, P. L. 164.

By the Act of May 24, 1878, P. L. 135, it was provided that the several courts of common pleas were authorized to direct by rule that all writs and process "may . . . be made returnable on the first day of the next term or on the second, third or fourth Monday of any intermediate month." This was changed by the Act of June 11, 1879, P. L. 125, which conferred authority to direct by rule that

writs or process "may . . . be made returnable on the first Monday of next term, or on the second, third or fourth Monday of any intermediate month." A further change was effected by the Act of May 4, 1927, P. L. 719, which authorized rules whereby writs "may . . . be made returnable on the first Monday of next term, or on the first, second, third, or fourth Monday of any month."

Our rule 261, in its last paragraph, provides:

"Monthly return days shall be the first Monday of January, the first Monday of February, the first Monday of March, the first Monday of April, the second Monday of May, the first Monday of June, the first Monday of July, the first Monday of August, the third Monday of September, the first Monday of October, the first Monday of November, and the first Monday of December."

It will be observed that in the case of February, May, September and December the return day fixed is just one week prior to the commencement of the "terms" fixed by that portion of rule 261 first quoted.

Rule 261 is one of the system or recodification of rules adopted on November 22, 1927, effective on January 1, 1928, but rule 261 is now exactly in the same form as the former rule 204, originally adopted in 1907, since the amendment of the latter in 1922. In other words, since 1907 we have had a rule similar to, and since 1922, a rule exactly like, our present rule 261, in the first paragraph of which were set forth the so-called "terms of court", and in the last paragraph of which are fixed the monthly return days. In each instance the return day of a month in which a "term of court" is provided has been fixed one week prior to the beginning of the so-called "term", and in all other months the return day has been fixed on the first Monday thereof.

It now seems apparent that rule 204 of the rules of 1907 must have been promulgated under the authority of section 32 of the Act of 1836, supra, extended by the Act of 1872, supra, to Cumberland County. Under this legislation, return days could be fixed as follows: The

first day of the next term or the first Monday of any intermediate month.

It is equally apparent that our former rule 204 was not adopted in pursuance of the Acts of 1878 and 1879, supra, for under those statutes the return days in intermediate months could be fixed only on the second, third or fourth Monday. As already pointed out, our rules for the past 30 years have always fixed the return days in all intermediate months on the first Monday thereof. The court could properly continue to fix return days in pursuance of the special or local Act of 1872, notwithstanding the later general Acts of 1878 and 1879, which were merely directory: Risheberger & Co. v. Wilson, 25 Pa. C. C. 465.

It is true that the amending Act of 1927, supra, provides for fixing return days on the first, second, third or fourth Monday of any month. It is also true that the Act of 1927 was passed just a few months before our present system of rules, including rule 261, was adopted. It could be contended, therefore, in the present case, that February 1, 1937, was properly fixed as a return day, while February 8, 1937, was a regular or term return day by virtue of being the first day of the term.

But we do not believe that our present rule 261 was adopted in pursuance of the amending Act of 1927. Since the rule is exactly like the 1922 amendment of the former rule 204, we can only conclude that the present rule, like its predecessors, in fixing return days, was adopted in pursuance of the Act of 1836, supra, and the special Act of 1872, supra. This conclusion is fortified by our present rule 249, which provides that writs and process may be made returnable on the first day of the next term or on any intermediate return day. This rule seems entirely compatible with the Acts of 1836 and 1872, supra, and would not have been so worded if it had been the intention to adopt rule 261 in accordance with the amending Act of 1927.

If rule 261, like its predecessors, was adopted in pursuance of the Acts of 1836 and 1872, then, in fixing a

return day for a month which marks the beginning of a term, such return day must be on the first day of the term. To fix a return day in such a month on any day other than the first day of the month would make the rule invalid, because: "No rule of court can repeal a statute": Nawocki v. Skaziak et ux., 88 Pa. Superior Ct. 100, 103.

The foregoing reasoning would compel us to agree with the contention of defendant that, in order to give validity to our rule 261, we must so construe it that, by fixing the return day for February on the first Monday, the same day is necessarily the first day of the February term, which, in 1937, was on February 1st.

Defendant points out further reasons why his construction of rule 261 should be accepted by us. For upwards of 30 years under our rules and practice, the first week of a "term of court" has been and is devoted to the trials of criminal cases, such periods being fixed by rule 273 of the court of quarter sessions, and the second week has been, and is, devoted to the trials of civil cases, such periods being fixed by our rule 261, as aforesaid.

It is averred in defendant's answer to the rule herein that rule 261 and its predecessors have been construed generally and uniformly as merely fixing the weeks in which civil cases shall be tried and not as fixing the terms of court; that the prothonotaries, sheriffs and judges of this court and members of the bar have generally acted on such a construction of the rule that the first day of the term coincided with the return day fixed for that month, which has always been fixed on the Monday of the week of criminal trials. These averments are supported to considerable extent by the depositions taken by defendant, and furthermore must be taken as true, because the present matter was set down for argument on petition and answer by plaintiff: Brooks et al. v. Coyle et al., 319 Pa. 80; Hild v. Dunn, 310 Pa. 289; Rebic et al. v. Gulf Refining Co. et al., 122 Pa. Superior Ct. 149.

Defendant points out that the first day of the week for criminal trials has always been regarded as the "first day

of the term" of this court: (1) By the prothonotaries beginning on that day to number all proceedings filed in that office as of the next term in the entry book and appearance docket; (2) by the fact that no writ has been found which was made returnable the first day of the week for civil trials, which under plaintiff's contention would have been required, and to now so hold would invalidate all proceedings on such writs, particularly those affecting divorce and real estate; (3) by "court proclamations", which purport to be made on the precept of the judge, and call for a term of common pleas, inter alia, to commence on a date which has always been coincident with the first day of criminal trials and the return day for that month; (4) by court calendars furnished to members of the bar, which give the return day in months during which there is a term of court as coincident with the first day of criminal trials; (5) by rules 251 and 254, respectively, requiring the sheriff to acknowledge his deeds in open court and to file his returns of sales of real estate and schedules of distribution "on Wednesday of the first week of every regular term"; and this for many years the sheriff, with the sanction of the court, has done on Wednesday of the week during which criminal trials have been held.

Without further elaboration it sufficiently appears, and to the writer hereof it is known to be true, that for many years the judges and officers of this court and the members of the bar have regarded the first day of the term of this court as coincident with the return day fixed for that month, and this day has always been the first day of the week for criminal trials.

We therefore conclude that in order to make our rules compatible with the statutes in pursuance of which they were adopted and with the construction placed upon them for over 30 years by judges, court officers and members of the bar, we must so construe the last paragraph of rule 261 and other relevant rules that our terms of court begin on the return days fixed for each term, viz., the first Mon-

day of February (February 1, 1937), the second Monday of May, the third Monday of September and the first Monday of December, and that the first paragraph of rule 261 merely fixes the periods during which civil cases shall be tried. Anything we may have said in Bushey v. Feeser, no. 324, May term, 1932, is hereby overruled.

We readily admit that considerable strength is given plaintiff's contention and considerable doubt thrown on the question of the actual date of the commencement of our terms of court by a literal construction of the first paragraph of rule 261. We shall, therefore, refer the whole matter to our committee on rules, that such rules may be recommended and adopted as will remove all doubt upon the question.

Finally, in an effort to promote justice and to free from all doubt defendant's right to prosecute his appeal, we are entirely justified under the circumstances and in the proper exercise of judicial discretion in directing that defendant's appeal be filed nunc pro tunc.

And now, April 30, 1937, the rule to strike off defendant's appeal is discharged and the said appeal is hereby filed nunc pro tunc as of February 8, 1937.

From Francis B. Sellers, Carlisle.