McCollum *v.* Braddock Trust Company, Appellant.

Argued March 22, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*James A. Nugent,* with him *Jos. F. Mayhugh,* for appellant.

*I. Willits McCaskey,* with him *Joseph H. Bialas* and *T. F. Ryan,* of *Bialas & Ryan,* for appellee.

OPINION BY MR. JUSTICE LINN, April 18, 1938:

The bill prayed for an account and specific performance; defendant stated an account in its answer; the learned court below, on preliminary objections to the answer, ordered that the account be more fully itemized. Defendant then appealed within the period allowed by the Act of March 30, 1921, P. L. 60, 12 PS section 1104, for appeals from such interlocutory decrees. The sole purpose of the Act allowing appeals in such cases "was to enable a defendant to have his liability to account finally determined before he should be put to the trouble and expense of stating an account, and [its] application is to be confined to that purpose": *Rowley v. Rowley,* 289 Pa. 171, 174, 137 A. 226. As defendant attached an account to its answer, no question for review under the statute remained at that stage of the proceeding: *Murphy v. Murphy,* 263 Pa. 196, 106 A. 300. The parties seem to have realized this, because leave was asked to remit the record for purposes of hearing pursuant to Equity Rule 67. On the return of the record, the learned court below filed an adjudication as if heard on bill and answer. To that adjudication defendant filed exceptions which were dismissed by the court in banc in an order stating "the decree nisi is directed to be entered as final and the record is respectfully returned" to this court. The decree is quite as interlocutory as it was when originally made in April, 1934.[1] Ordinarily, the

---

[1] "And now, to-wit [November 18, 1937], the order entered herein April   , 1934, and exception there granted be and the same are vacated and in lieu thereof it is hereby adjudged, ordered and decreed as follows:

"First: The Braddock Trust Company, a corporation, defendant, is hereby ordered and directed to render unto Lillian C. McCollum, plaintiff, a full and complete itemized statement setting forth the debits and credits and the dates and the names of those from whom

merits would not be reviewed until after final decree: see *Rowley v. Rowley*, 289 Pa. at 175, 137 A. 226. But as the adjudication appears to have been delayed several years in the court below through no fault of the parties, we have considered the legal sufficiency of the answer and agree that it does not support the defense relied on in argument, and that, on the contrary, the plaintiff is entitled to specific performance.[2]

The plaintiff is the widow of William McCollum. About April 9, 1928, he borrowed $6,000 from defendant bank, and, as part of the transaction, he and his wife conveyed to the bank certain real estate either to secure, as defendant claims, the repayment of that sum and also a preëxisting debt in excess of $15,000, or, as plaintiff claims, the repayment only of the $6,000, interest and specified expenses. On the same day, as part of the transaction, defendant executed what it called a declaration of trust reciting the conveyance, the terms on which it was made, and the agreement to reconvey to

---

and to whom the credits were received and disbursements were made and the amount thereof and to what the same applied.

"Second: Said Braddock Trust Company, a corporation, defendant, is further hereby ordered and directed to pay unto Lillian C. McCollum, plaintiff, all sums due by said accounting wherein defendant shall take credit for disbursements only in accordance with the declaration of trust copied and attached to the bill as Exhibit 'A'.

"Third: Said Braddock Trust Company, a corporation, defendant, is hereby ordered and directed to make, execute, acknowledge and deliver unto Lillian C. McCollum, plaintiff, a good and sufficient deed in fee simple for the real estate described in the bill of complaint.

"Fourth: Defendant shall pay the costs."

[2] Plaintiff had the right to ask the court to dispose of the case on bill and answer: Rule 67. By doing so she admitted the averments of fact made in the answer: *Brooks v. Coyle*, 319 Pa. 80, 179 A. 81. The fact that she filed preliminary objections under Rule 55 to defendant's answer did not give the defendant control of the proceedings: compare *Bennett v. Erwin*, 325 Pa. 330, 336, 189 A. 675.

McCollum and wife as tenants by the entireties.[3] Mc-Collum died in 1932. Plaintiff, as survivor, filed this bill in 1933 alleging that defendant had received out of the property more than enough to repay principal, interest and carrying charges, and that by the terms of the contract she was entitled to a conveyance to her of the land and payment of the excess collected.

The declaration of trust recited that defendant received the property "for the following uses and none other":

"FIRST: To secure the payment, within eighteen (18) months from the date hereof, with interest at the rate of Six (6%) per cent per annum, payable semi-annually, of the sum of Six Thousand ($6,000) Dollars, and all taxes, insurance, premiums and costs of wear and tear of repairs to keep and maintain the improvements upon said property in the condition in which they now are, so that the same shall always be tenantable and produce the greatest income.

"SECOND: To have and to hold all said premises with the right in the said Braddock Trust Company, its successors and assigns, to grant, bargain, sell and convey the same by any deed, instrument or other writing, the said Braddock Trust Company having such powers and authorities as heretofore were belonging unto the said William McCollum and Lillian C. McCollum, his wife, the same as if this Declaration of Trust had never been executed or delivered.

"THIRD: To manage, control and direct the ownership of said described real estate and improvements the same as the said William McCollum could or would do,

---

[3] See *Loesch's Estate,* 322 Pa. 105, 185 A. 191; *Wilbur Trust Co. v. Knadler,* 322 Pa. 17, 185 A. 319; *Newhard v. Newhard,* 303 Pa. 299, 154 A. 500; *Sloan's Estate,* 254 Pa. 346, 98 A. 966; *Vandergrift's Estate,* 105 Pa. Superior Ct. 293, 161 A. 898; *Hoover v. Potter,* 42 Pa. Superior Ct. 21. Cf. *Blease v. Anderson,* 241 Pa. 198, 88 A. 365; *Bedford Lodge v. Lentz,* 194 Pa. 399, 45 A. 378; *Young's Estate,* 166 Pa. 645, 31 A. 373.

to the end that the said property, from rents, sales or other earnings, shall produce the greatest possible income, and with the right, for a period of at least eighteen (18) months, to manage, invest and control said sums of money for the use and benefit of the said Braddock Trust Company, its successors and assigns, until it has been repaid all of the aforesaid sum of Six Thousand ($6,000) Dollars, interest, taxes, insurance and other costs.

"FOURTH: It is expressly understood and agreed between the said Braddock Trust Company and William McCollum and Lillian C. McCollum, his wife, that the aforedescribed real estate and all costs arising therefrom shall be subject to the disposition of William McCollum and Lillian C. McCollum, his wife, at any time after the date of this instrument upon the payment to the Braddock Trust Company of the aforesaid sum of Six Thousand ($6,000) Dollars and all other moneys which may at the time it is desired to terminate this trust being owing to the said Braddock Trust Company."

The learned court below held that the property was conveyed only to secure the $6,000 loan, etc., and not to secure the prior indebtedness. The defendant contends that though the first three paragraphs dealt with security for the $6,000 loan, the fourth was inserted to show their agreement to secure the preëxisting indebtedness as well.

We think the conclusion of the learned court below was correct; that the ambiguity should be resolved against the defendant; that by the ejusdem generis rule (Arbuckle's Estate, 324 Pa. 501, 510, 188 A. 758; First Nat. Bank v. Davies, 315 Pa. 59, 63, 172 A. 296) the general words at the end of the fourth paragraph were limited by the words in the first paragraph "all taxes, insurance, premiums and costs of wear and tear of repairs to keep and maintain the improvements upon said property in the condition in which they now are," and in the third paragraph "interest, taxes, insurance

and other costs," and that the property was not conveyed as security for the repayment of McCollum's preëxisting indebtedness. In substance, McCollum and his wife mortgaged[4] their property for a loan of $6,000, interest, taxes, insurance and other specified charges, to be incurred while holding title as specified in the contract, and, on repayment of the loan, to be reconveyed to them as tenants by the entireties. The answer shows that the Trust Company has received full payment of its loan of $6,000, interest and expenses referred to. The seventh paragraph of the answer states: "Seventh. Defendant admits that the net rents, issues and profits from said real estate from April 9th, 1928, to date would have been more than ample and sufficient to repay to defendant any and all balances due on the aforesaid loan, [of $6,000] but avers that by the terms of the trust agreement aforesaid, and at the request of William McCollum, part of the rents from the said real estate was applied to the payment of interest on the bond of William McCollum in the sum of $15,000, and payments on the note of the Braddock Lumber Company, referred to in paragraph three, and fire insurance on the premises covered by the mortgage in Swissvale, which was given to secure payment of the bond of William McCollum, as appears more in detail in the account of defendant attached hereto."

William McCollum, without the consent of his wife, which is not averred, could not increase the burden on his wife's interest in the real estate: *Gasner v. Pierce*, 286 Pa. 529, 532, 134 A. 494. Nor can we accept the argument, based on the alleged insolvency of McCollum, that the conveyance was in fraud of creditors; the defendant Trust Company was a party to the contract and is bound by its terms.

---

[4] See *Harper's Appeal*, 64 Pa. 315; *Herman v. Pepper*, 311 Pa. 104, 166 A. 587.

As a supplemental account must be filed to show the result of the administration of the trust since the answer was filed we cannot end the proceeding by making a decree here. The record is therefore remitted to the end that defendant shall promptly file a supplemental account to be audited by the court; the balance then found due shall be ordered paid to the plaintiff, accompanied, of course, by a deed as specified in the decree appealed from.

The decree is modified accordingly, costs to be paid by defendant.