## Kranchalk et ux. v. Simon et al.

*Joseph Nissley* and *Wilhelm E. Shissler*, for plaintiffs.

*Metzger & Wickersham*, for T. B. Kyle, defendant.

SOHN, J., February 4, 1952.—Plaintiffs, husband and wife, who owned an automobile as tenants by the entireties, instituted a single action in trespass seeking to recover damages from either or both of the two defendants, on the ground that the latters' negligence caused damage to plaintiffs' car. An examination of the complaint shows that they seek a joint recovery as husband and wife. One of the defendants, T. R. Kyle, presented his petition for a rule to show cause why an order of severance should not be granted separating the claim of husband plaintiff from that of wife plaintiff. Plaintiffs filed a joint answer to the rule, in which they denied that there was any action that could be severed or that there was a right of severance. The other defendant took no such action in respect to the joint claim of plaintiffs. In addition, plaintiffs claim to recover for loss of the use of their car and for certain other damages for which they allege they may be jointly indebted as a result of the accident. A discussion of the latter is not material with respect to the real question involved here which is: Where a single action is instituted in which a husband and wife *jointly* present *one* claim for damages to property held by them as tenants by entireties, is there but one action

which is neither severable nor capable of separate trial?

That contribution between joint tortfeasors is permitted in Pennsylvania where the concurrent negligence of tortfeasors causes injury is not to be doubted. The case of Goldman et al. v. Mitchell-Fletcher Co., 292 Pa. 354, contains a comprehensive review of the Pennsylvania law on that subject. In Pennsylvania the legislature has also expressed its intention that contribution among joint tortfeasors is permitted: Act of July 19, 1951, P. L. 1130, 12 PS §§2082-2089. The recent case of Fisher v. Diehl, 156 Superior Ct. 476, affirms the rule that one spouse may be joined as an additional defendant in order that the original defendant may establish his right to contribut:on in an action brought by the other spouse to recover for an injury resulting in a *separate and distinct cause of action of that other spouse.* There the Superior Court said (p. 480):

"In making absolute the above stated rules, granted on the petition of the defendant, the court below had clearly stated its views as to their effect, as follows: 'However, the petition alleges in addition, joint liability with the defendant on the part of Maurice F. Fisher, and that the joinder is only for the purpose of protecting the original defendant's right to contribution. Under these circumstances, joinder of Maurice F. Fisher, as additional defendant, is right and equitable. It is the duty of the Court, however, to see that the rights of the parties are preserved and to control any execution that might be issued on any judgments rendered, so that Louise Fisher may recover only from the original defendant, Richard S. Diehl, and that the said Richard S. Diehl, original defendant, may obtain only contribution from Maurice F. Fisher' ."

Pa. Rule of Civil Procedure 2252 (a) provides:

"In any action the defendant or any additional defendant may file as of course a præcipe for a writ to join as an additional defendant *any person not a party to the action . . . ."* (Italics supplied.)

Where a defendant desires to join, as an additional defendant, one who is already a party to the action, the proper procedure is to file a petition for severance, and the usual case seeking severance is one *where parties plaintiff are each asserting a separate cause of action:* Stokes v. Giarraputo (No. 1), 42 D. & C. 161; Freihofer Baking Co. et al. v. Collins et al., 43 D. & C. 485. The propriety of severance under the unique facts of the instant case is the matter for our consideration.

Pennsylvania Rule of Civil Procedure 2227 deals with compulsory joinder of parties. Rule of Civil Procedure 2227(a), under which plaintiffs in the present case have properly joined, provides:

"Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants."

Rule of Civil Procedure 2227(b) further sets forth:

"If a person who must be joined as a plaintiff refuses to join, he shall, in a proper case, be made a defendant or an involuntary plaintiff when the substantive law permits such involuntary joinder."

It is clear that tenants by entireties are within the purview of Rule of Civil Procedure 2227 since the notes of the Procedural Rules Committee advise:

"This subdivision applies only when the cause of action sued upon is purely joint and is owned by the plaintiff and some other person who is unwilling to join in the suit, and by reason of such joint ownership neither is entitled to bring the action without the joinder of the other. The rule does not permit the willing plaintiff to join the unwilling person in all in-

stances but only in cases in which the substantive law allows such joinder.

"Under present rules of substantive law, proper cases for such joinder apparently exist when . . . (3) the willing plaintiff and the unwilling person are joint tenants or tenants by the entireties and the action is brought to preserve or recover the jointly owned property or damages for injury to such property": Goodrich-Amram Procedural Rules Service 2227.

Thus, not only does Rule of Civil Procedure 2227(a) require the husband and wife to join in an action to recover for damages to property owned as tenants by entireties, but also Rule of Civil Procedure 2227 (b) provides a procedural device by which a willing spouse can compel the joinder of an unwilling spouse.

We find that plaintiffs in this action have complied fully with the law and the Rules of Civil Procedure in bringing their action jointly. That they hold title to their automobile as tenants by entireties cannot be denied. The rule of law is fundamental in Pennsylvania that when title to property, both real and personal, is taken in the names of husband and wife, they hold the same as tenants by the entireties: Sloan's Estate, 252 Pa. 346 (349) (1916) ; Loesch's Estate, 322 Pa. 105 (107) (1936) ; McCollum v. Braddock Trust Co., 330 Pa. 293 (297) (1938).

The nature of an estate by entireties is clearly and ably described by Mr. Justice Linn in Lunnen v. Hunter et al., 348 Pa. 402, *as late as 1944*, where he says, on pages 404-405:

"Tenancy by entireties is a venerable institution of the common law; it rests upon instincts which form the very warp and woof of our domestic and social fabric. In such a tenancy each spouse is seized per tout et non per my. *There is but one legal estate*, which, by a long course of judicial decisions, has been

buttressed against inroads attempted either by the parties themselves or by their individual creditors." (Italics supplied.)

A most exhaustive and interesting discussion of this estate is found in Madden et al. v. Gosztonyi Savings and Trust Company, 331 Pa. 476 (1938). A study of the cases cited therein, pointing out the various unities of interest, title, time and possession possessed by a tenancy by entireties, and of the complaint filed by plaintiffs, leads to but one conclusion and that is that plaintiffs have only *one* legal estate in their automobile and are asserting *one* claim or cause of action for damages to it. They hold title "per my et per tout" and *their interest is indivisible.* In the law they are *one person.*

The question inevitably arises: How, in case of severance, could a court control or direct a special finding under the facts pleaded in this case? Procedural Rule 2257 treats of such findings. There is set forth in this case only *one* claim or cause of action for damages to an automobile jointly owned by husband and wife. As set forth in 5 Standard Pa. Practice 149:

"An action must involve a duality or plurality of causes of action before it may be severed into two or more actions."

Our attention has been directed to the fact that the petition to sever was presented under the authority of Fisher v. Diehl, 156 Pa. Superior Ct. 476. An examination of this case, however, clearly shows how dissimilar and inapplicable it is to the case of plaintiffs herein. In Fisher v. Diehl, supra, there were *two* *separate* claims asserted in *one* action.

"The plaintiffs' statement contained *separate* claims for damages by the wife and husband, respectively, as follows:

"(1) The wife's claim growing out of her personal injuries.

"(2) The husband's claims (a) on account of his wife's injuries, including the loss of her services and companionship and for expenses paid by him on her account; (b) because of his own personal injuries; and (c) for property damage to his automobile."

In discussing the suit, the learned court said, at page 478:

"These claims were properly brought in one action, in accordance with Rule 2228(a) of Rules of Civil Procedure Governing Joinder of Parties, which, while suspending sections 1, 2 and 4, virtually repromulgated the provisions of the Act of May 8, 1895, P. L. 54. See Rule 2231(c). Accordingly, while the several claims were properly brought in one action, the rights of action of the several plaintiffs were not merged, but in case of a recovery separate verdicts and separate judgments would be entered, as provided by the Act of 1895."

Thus we see that in Fisher v. Diehl, supra, there were *two separate claims* asserted in *one action*. Similar to the case of Fisher v. Diehl, supra, are the cases of Engle v. Reider et al. 366 Pa. 411; McIntyre v. Strausser et al., 365 Pa. 507 and Rau v. Manko et al., 341 Pa. 17.

Defendant Kyle relies upon the case of Benson et al. v. Shenango Valley Transportation Co., 63 D. & C. 281 (1948), which was decided in Lawrence County by Judge Braham. We feel that a careful analysis of this case will show that it is not exactly similar to the case at bar and that Judge Braham did not have before him an identical set of facts. In the Benson case, Ethel Benson, wife of George Benson, was driving an automobile owned by them as tenants by the entireties. In order to avoid a collision with a bus owned by defendant company, which bus had stopped suddenly, Ethel

Benson turned her car to one side, striking a tree, damaging the car and injuring herself and its occupants, who were Helen Benson, Caroline Benson, and Donald Benson, Jr. *One action* of trespass was brought on behalf of *six plaintiffs.* The plaintiffs who sued for their *separate* claims were:

1. George Benson, as husband of Ethel Benson.
2. Ethel Benson.
3. Donald Benson, as husband of Caroline Benson.
4. Caroline Benson.
5. Donald Benson and Caroline Benson, as parents of Donald Benson, Jr., a minor.
6. Helen Benson.

Defendant presented its petition to sever Ethel Benson as a party plaintiff in order that she might be joined as an additional defendant. After discussing the matter of severance as it related to the *separate* claims of plaintiffs, other than the claim relating to the automobile, Judge Braham concluded that the severance should be granted. With respect to the claim for the damages to the automobile, the court said at page 283:

"This leads to the only unique feature of the case before us. In addition to the personal injuries to Ethel Benson she and her husband, George Benson, have declared upon damage to their automobile which was owned by them as tenants by the entireties. . . .

"The claim for damage to the automobile will occasion no difficulty. It has been the law since Fairchild v. Chastelleux, 1 Pa. 176, decided in 1845, that one of two tenants to real estate held by the entireties may bring an action for damage to it, a position substantially reaffirmed in Madden et al. v. Gosztonyi S. & T. Co., 331 Pa. 476."

We have carefully studied the last named case, but must respectfully suggest that it does not substantially

reaffirm Fairchild v. Chastelleux, supra. Fairchild v. Chastelleux was decided in 1845, prior to the Married Woman's Act of 1848, and at that time (1845) it was the law of Pennsylvania that "the husband may be said to have the absolute control of the estate during his life and may convey or mortgage it during that period" and that "when the title does not come in question, and the action is merely personal, and seeks compensation in damages for an injury done to the husband's interest in his wife's estate during the marriage, then it is in his election whether he will join his wife in the action or not." This doctrine was changed by the Married Woman's Act, and in the case of Madden et al. v. Gosztonyi Savings & Trust Co., supra, Mr. Chief Justice Kephart by italicized words points out that Fairchild v. Chastelleux and other cases cited therein were the law prior to the Married Woman's Act. A further consideration of Benson v. Shenango Valley Transportation Co., supra, to distinguish it from the case at bar, shows that the claim for the damage to the automobile was "declared upon" as a part of the case of Ethel Benson (see page 283 of Judge Braham's opinion) and not jointly by Mr. and Mrs. Benson.

We must conclude, therefore, that: (1) Plaintiffs herein have but one legal interest and one cause of action, (2) that plaintiffs, as required by law, are asserting a joint claim, and (3) that Claire V. Kranchalk cannot be separated as a party plaintiff so that she might become an additional defendant.

And now, February 4, 1952, the rule granted on plaintiffs to show cause why the claim of Stephan D. Kranchalk should not be separated from the claim of Claire V. Kranchalk and Claire V. Kranchalk joined as an additional defendant is hereby discharged.